DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
Attorney for Defendant
By: CHRISTINE S. POSCABLO
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2674
Email: Christine.Poscablo@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
URBAN JUSTICE CENTER and ASISTA          :
IMMIGRATION ASSISTANCE, INC.,            :
                                         :
                    Plaintiffs,          :          21 Civ. 7587 (JMF)
            v.                           :
                                         :          **ANSWER**
U.S. CITIZENSHIP AND IMMIGRATION         :
SERVICES,                                :
                                         :
                    Defendant.           :
----------------------------------------------------------------x

      Defendant U.S. Citizenship and Immigration Services ("USCIS" or "Defendant") hereby

answers the numbered paragraphs of the Complaint for Declaratory and Injunctive Relief (the

"Complaint") filed by plaintiffs Urban Justice Center and ASISTA Immigration Assistance, Inc.

("Plaintiffs") on July 8, 2021, ECF No. 1, in the above-captioned Freedom of Information Act

("FOIA") action, as follows:

## NATURE OF THE ACTION[1]

      1.      The first and third sentences in paragraph 1 of the Complaint contain Plaintiffs'

characterization of this action to which no response is required.  Defendant denies the allegations

in the second sentence in paragraph 1 except admits that Plaintiffs submitted a FOIA request to

---

[1]    Defendant has included the headings listed in the Complaint simply to assist in reading
the pleadings and does not admit the accuracy of those headings.

USCIS on or about June 22, 2021 (the "FOIA Request"), respectfully refers the Court to the FOIA Request for a true and complete statement of its contents, and otherwise denies the allegations in the second sentence in paragraph 1.

## JURISDICTION AND VENUE

2.      Paragraph 2 of the Complaint contains Plaintiffs' allegations as to jurisdiction to which no response is required.

3.      Paragraph 3 of the Complaint contains a legal conclusion to which no response is required.

4.      Paragraph 4 of the Complaint contains Plaintiffs' allegations as to venue to which no response is required.  To the extent that this paragraph contains factual allegations that may require an answer, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

## PARTIES

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7.      Paragraph 7 of the Complaint consists of legal conclusions to which no response is required.  Defendant does not dispute that it is an agency within the meaning of 5 U.S.C. § 552(f)(l).

## STATEMENT OF FACTS

8-11.      The allegations in paragraphs 8-11 of the Complaint, under the sub-heading "Overview of U-Visas," consist of legal conclusions, Plaintiffs' characterization of the Victims

of Trafficking and Violence Prevention Act of 2000, and other assertions which have no bearing

on the FOIA claim asserted in this action; therefore no response is required. To the extent a

response is deemed required, Defendant respectfully refers the Court to the cited statutory

sections and regulations for a true and complete statement of their contents.

      12-14.   The allegations in paragraphs 12-14 of the Complaint, under the sub-heading

"U-Visa Application Process," consist of legal conclusions, Plaintiffs' characterization of the

Victims of Trafficking and Violence Prevention Act of 2000, and other assertions which have no

bearing on the FOIA claim asserted in this action; therefore no response is required. To the

extent a response is deemed required, Defendant respectfully refers the Court to the cited

statutory sections and regulations for a true and complete statement of their contents.

      15-18.   The allegations in paragraphs 15-18 of the Complaint, under the sub-heading

"U-Visa Adjudication Process and Backlog," consist of legal conclusions, Plaintiffs'

characterization of the Victims of Trafficking and Violence Prevention Act of 2000 and

information on government websites, and other assertions which have no bearing on the FOIA

claim asserted in this action; therefore no response is required. To the extent a response is

deemed required, Defendant respectfully refers the Court to the cited statutory section,

regulations, and websites for a true and complete statement of their contents.

      19-22.   The allegations in paragraphs 19-22 of the Complaint, under the sub-heading

"The BFD Process," consist of Plaintiffs' characterization of the William Wilberforce

Trafficking Victims Protection Reauthorization Act of 2008, information on government

websites, and other assertions which have no bearing on the FOIA claim asserted in this action;

therefore no response is required. To the extent a response is deemed required, Defendant

respectfully refers the Court to the cited statutory section and websites for a true and complete

statement of their contents

23-24.    Paragraphs 23-24 of the Complaint consist of Plaintiffs' characterization of the FOIA Request to which no response is required.  To the extent a response is deemed required, Defendant admits that Plaintiffs submitted a FOIA request to USCIS on or about June 22, 2021 and respectfully refers the Court to the FOIA Request for a true and complete statement of its contents.

24-29.    Paragraphs 24-29 of the Complaint consist of legal conclusions to which no response is required.   To the extent a response is deemed required, Defendant respectfully refers the Court to the cited statutory sections and case law for a true and complete statement of their contents.

30.    Paragraph 30 of the Complaint consists of Plaintiffs' characterization of communications from Defendant to Plaintiffs concerning the FOIA Request to which no response is required.  Defendant avers that the cited "Letter from Terri White to Kyle Dandelet (June 24, 2021)" attached as Exhibit B to the Complaint speaks for itself and respectfully refers the Court to Exhibit B for a true and complete statement of its contents.

31.    With respect to the allegations in the first sentence in paragraph 31 of the Complaint, Defendant admits that it has not completed its response to the FOIA Request but otherwise denies the allegations in the first sentence.  The allegations in the second sentence in paragraph 31 consist of legal conclusions to which no response is required.

32.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

## CAUSE  OF ACTION

33.    Defendant repeats and incorporates by reference its response to each of the

allegations set forth in the foregoing paragraphs.

34.     Paragraph 34 of the Complaint consists of a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in paragraph 34.

35.     Paragraph 35 of the Complaint consists of a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in paragraph 35.

36.     Paragraph 36 of the Complaint consists of a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in paragraph 36.

## REQUESTED RELIEF

The remaining allegations in the Complaint constitute a prayer for relief to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

Defendant denies all allegations of the Complaint not expressly admitted or denied above.

## DEFENSES

### FIRST DEFENSE

Defendant has exercised due diligence in processing the FOIA Request and exceptional circumstances exist that necessitate additional time for Defendant to complete the processing of Plaintiffs' request.  *See* 5 U.S.C. § 552(a)(6)(C).

### SECOND DEFENSE

Plaintiffs are not entitled to information that is exempt from disclosure by one or more

-9-

exemptions enumerated in the FOIA. *See* 5 U.S.C. § 552(b).

**THIRD DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiffs' requests for relief that exceed

the relief authorized by statute under the FOIA, 5 U.S.C. § 552 *et seq.*

**FOURTH DEFENSE**

Plaintiffs are not entitled to expedited processing of the FOIA Request under 5 U.S.C. §

552(a)(6)(E).

**FIFTH DEFENSE**

Plaintiffs are not entitled to attorneys' fees.


WHEREFORE, Defendant demands judgment dismissing the Complaint and granting

such further relief as this Court deems just, including costs and disbursements.


Dated: New York, New York
       October 13, 2021

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: /s/ Christine S. Poscablo
    CHRISTNE S. POSCABLO
    Assistant United States Attorney
    Tel: (212) 637-2674
    Fax: (212) 637-2730
    E-mail: christine.poscablo@usdoj.gov